UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRUCE W. THOMPSON AND
JOHN COLE PASSMAN

CIVIL ACTION

VERSUS

NO.10-449-BAJ-CN

RUFF & TUFF ELECTRIC
VEHICLES, INC.

# RULING

This matter is before the Court on a motion for summary judgment by plaintiffs, Bruce W. Thompson and John Cole Passman (doc. 28). No opposition has been filed and the matter is now submitted. Jurisdiction is based on 28 U.S.C. § 1332.

Pursuant to Local Rule 56.1, plaintiffs have filed the following facts that they claim are material to the motion.[1] Because defendant has not controverted the submitted facts, they are deemed admitted pursuant to Local Rule 56.2.[2]

1. On or about April 24, 2007, John Cole Passman ("Passman") became employed by Ruff & Tuff Electric Vehicles, Inc. ("RTEV") as a salesman of electric vehicles, and on or about March 1, 2008, Bruce Thompson became employed by RTEV as a salesman of electric vehicles.

---

[1] Conclusions of law are not repeated herein.

[2] LR 56.2 provides:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

2.  Passman called upon potential customers and made sales of RTEV products in Missouri, Kansas, Nebraska, Iowa, Minnesota and Wisconsin, whereas Thompson did the same in Mississippi, Alabama, Florida Georgia, Texas, Arkansas, and Oklahoma.

3.  In or about April of 2009, Passman and Thompson, with the consent of RTEV, combined their sales territories.

4.  On or about July 7, 2009, RTEV informed all of its salesmen that they would no longer be kept on as employees, but would be independent brokers, working strictly on a commission basis.

5.  Some months later, RTEV forwarded an Independent Broker Agreement to both Passman and Thompson with an effective date of July 1, 2009, which each of them eventually signed.

6.  Pursuant to paragraph 2 of the *Independent Broker Agreement*, RTEV engaged Passman and Thompson in the capacity of "independent Broker related to the sale of the Company's cars."[3]

7.  Pursuant to paragraph 3 of the *Independent Broker Agreement*, RTEV obligated itself to "pay the Broker a commission at the rate of 10% of the dealer list price per unit set by the company."[4]

8.  Paragraph 3 of the *Independent Broker Agreement*, required RTEV to "pay the Broker a commission at the rate of 3% of the gross order of the accessory price set by the company on all car stocking dealers that are sold by the broker."[5]

9.  In early August of 2009, an Oklahoma distributor in plaintiff's territory ordered approximately one-thousand -one hundred (1,100) electronic cars from RTEV, tendering a two million six hundred thousand dollar ($2,600,000.00) deposit with the order.

---

[3]Though not submitted by plaintiffs in conjunction with the motion, the Independent Broker's Agreement was submitted by defendant earlier in the course of this litigation (doc. 12-1).

[4]See *supra*, n. 3.

[5]See *supra*, n. 3.

10. On or about March 24, 2010, RTEV sent notice to plaintiffs terminating the Independent Broker Agreements, effective as of April 24, 2010, pursuant to paragraph 5 of the *Independent Broker Agreement.*

11. As of the date of their terminations, plaintiffs were owed approximately two-hundred-ninety-nine-thousand-eight-hundred-eight dollars ($299,808.00) in unpaid and or underpaid commissions under the *Independent Broker Agreement* for electronic cars and accessories sold in their combined territories.[6]

12. RTEV has failed or refused to pay the amount owed, despite amicable demand by plaintiffs.

13. Prior to the date of the Independent Broker Agreement, while they were still employees of RTEV, plaintiffs were each entitled to, and earned, Paid Time Off ("PTO").

14. RTEV has failed or refused to pay the PTO earned by Passman in the amount of two-thousand-two-hundred-fifty-seven dollars ($2,257.00).

15. RTEV has failed or refused to pay the PTO earned by Thompson in the amount of two-thousand-six-hundred-eighteen dollars ($2,618.00).

16. Thompson has also incurred reimbursable advertising expenses in the amount of one-thousand-three-hundred-fifty dollars ($1,350.00) that have not been reimbursed by RTEV.

17. On August 19, 2011, the Court granted a motion by plaintiffs to compel and found that plaintiffs were entitled to an award of reasonable attorney fees and costs incurred in bringing the motion to compel (doc. 24).

18. Plaintiffs sought an award of $2,403.00 for costs and fees incurred in bringing the motion, and defendant filed no opposition to the amount sought.

---

[6]The amount is supported by the affidavit and report of Jason MacMorran, a certified accountant with the firm of Postlethwaite and Netterville. Mr. MacMorran arrived at the figure upon consideration of approximately 167 invoices (doc. 28-3).

3

## LAW AND DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a). In determining whether the movants are entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in its favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. V. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Though the evidence set forth in support of the motion for summary judgment is somewhat sparse, the Court finds that evidence has been set forth from which a reasonable trier of fact could find in favor of plaintiffs as to each element of the claims. The Independent Broker's Agreement is sufficient to establish the contractual obligations assumed by the parties whereas the invoice-by-invoice

4

analysis of sales in light of those contractual obligations, along with the submitted affidavits, is sufficient to establish both liability and quantum. Thus, the bears the burden of establishing a genuine dispute of fact as to an element of the claims.

Defendant, however, has filed no opposition to the motion and has, therefore, failed to establish a genuine dispute as to any material fact. Moreover, "[i]nadequately briefed issues are deemed abandoned." *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) (citing, *Dardar v. Lafourche Realty Co.*, 985 F.2d 824, 831 (5th Cir. 1993) (citing, *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991); *Harris v. Plastics Mfg, Co.*, 617 F.2d 438, 440 (5th Cir. 1980))); see also, e.g., *Association of American Physicians & Surgeons, Inc. v. Texas Medical Bd.*, 627 F.3d 547, 551 (5th Cir. 2010) (stating that a party which "neither briefed nor argued" an issue had abandoned it); *Indiana Elec. Workers' Pension Trust Fund IBEW v. Shaw Group, Inc.*, 537 F.3d 527, 543 (5th Cir. 2008) (stating that "[w]e deem the un-briefed claims to be abandoned"); *Askanase v. Fatjo*, 130 F.3d 657, 668 (5th Cir. 1997) (stating that "[a]ll issues not briefed are waived").

For all of the foregoing reasons, the motion by plaintiffs, Bruce W. Thompson and John Cole Passman, (doc. 28) is **GRANTED** and **IT IS ORDERED** that plaintiffs submit a proposed judgment within 5 (five) days of this ruling.

Baton Rouge, Louisiana, May 4, 2012.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA